IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>    Plaintiffs,<br><br>vs.<br><br>BOONE KARLBERG P.C, a Montana professional corporation and ZACH FRANZ, in his official capacity,<br><br>    Defendants, | CV 22-174-M-DLC-KLD<br><br>ORDER and FINDINGS AND RECOMMENDATION |

On October 17, 2022, pro se Plaintiff Stephen P. Kelly filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and lodged a Complaint against the above-named Defendants. (Doc. 2).

I.      **Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On October 17, 2022, Kelly filed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in this application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants Kelly's request to proceed in forma pauperis.

## II. Screening Requirement

Because Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the

plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma. Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.  Discussion

#### A.  Background

Kelly has filed a total of 27 lawsuits in the United States District Court for the District of Montana over the course of the last 15 years, 22 of which were filed between August 2019 and March 2023. With the exception of the pending action against Defendants Boone Karlberg P.C. and Zach Franz, Kelly's cases have all been dismissed and are closed. As described in more detail below, the 26 cases that are now closed either did not survive screening under § 1915, or were dismissed (1) for failure to prosecute and/or comply with orders of the Court; (2) at Kelly's request; or (3) on Federal Rule of Civil Procedure 12(b) motions to dismiss for failure to state a claim or for lack of subject matter jurisdiction.

The pending action fares no better. Kelly alleges that Franz, a Boone Karlberg attorney, made defamatory statements against him while representing two of the defendants in one of Kelly's other lawsuits, *Kelly v. Community Protestant Church et al.,* CV-22-20-BU-BMM. In particular, Kelly claims that Franz falsely stated in court filings that Kelly had filed six federal lawsuits in Florida and New York. (Doc. 2 at ¶ 20). In those filings, Franz stated that Kelly had filed 30 separate lawsuits in federal district courts around the country since January 2020. *Kelly*, CV 22-20-BU-BMM (Doc. 23-1). Kelly apparently does not dispute that he filed 24 of those cases, but claims Franz defamed him because six of the listed cases were filed by a different Stephen Kelly. (Doc. 2 at ¶ 23).

Kelly alleges this led the presiding judge in that case, Chief United States District Court Judge Brian M. Morris, to have a "sour opinion" of Kelly and view him as a vexatious litigant. (Doc. 2 ¶ 23). Kelly further alleges that Franz caused him excessive emotional distress and hardship, as well as reputational damage. (Doc. 2 ¶ 25). Kelly invokes the Court's diversity subject matter jurisdiction pursuant to 28 U.S.C § 1332, and claims Franz filed a "judicial pleading in a slanderous written publication" with intent to cause "negligence" to Kelly's judicial claims. (Doc. 2 ¶¶ 11, 26). He seeks actual and punitive damages in an amount of $700,000 (Doc. 2 at 17).

B.   **Failure to State a Claim**

Liberally construed, Kelly's Complaint can be read as alleging a state law claim for defamation against Franz and the Boone Karlberg law firm. Under Montana law "[d]efamation is effected by either libel or slander." Mont. Code Ann. § 27-1-801; see *Lee v. Traxler*, 384 P.3d 82, 86 (Mont. 2016). Slanderous defamation is spoken, while libelous defamation is written. *Tindall v. Konitz Contracting Inc.*, 783 P.2d 1376, 1382 (Mont. 1989). Kelly alleges he was defamed in a written document; therefore, any defamation claim he alleges is properly construed as a claim for libel. Libel is defined as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Mont. Code Ann. § 27-1-802.

However, publications in legislative, judicial, or other official proceedings authorized by law are privileged and cannot form the basis for a defamation cause of action. Mont. Code Ann. 27-1-804(2); see also *Montana Bank of Circle, N.A. v. Ralph Meyers & Son, Inc.*, 769 P.2d 1208, 1213 (Mont. 1989) ("It has long been held that statements made in a judicial proceeding are absolutely immune and a cause of action for defamation cannot be predicated thereon.").

Thus, as a matter of law, Franz's statements in the *Kelly v. Community Protestant Church et al.* proceedings are privileged and cannot support a

defamation cause of action. Even construing the Complaint liberally in Kelly's favor, the Court cannot identify any viable claims arising out the factual scenario alleged. To support a claim, Kelly would have to allege facts that are different from the ones he has already alleged, not merely additional facts. Amendment would be futile. Thus, Kelly's Complaint should be dismissed for failure to state a claim on which relief may be granted.

### B. Vexatious Litigant

The Court further finds that Kelly's substantial history of filing frivolous or harassing suits warrants a declaration that he is a vexatious litigant and the imposition of a pre-filing restriction.

The First Amendment to the United States Constitution protects the individual right of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 & n. 12 (2002). However, litigants may noy abuse the judicial system by repeatedly filing frivolous, harassing, or malicious actions. *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Such abusive litigation tactics cannot be tolerated because they enable individuals "to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.2d at 1148. To protect against abusive litigation conduct, the All Writs Act at 28 U.S.C. § 1651(a) provides federal district courts with the inherent power to regulate the activities of abusive litigants through pre-filing restrictions.

*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); *Molski v. Evergreen Dynasty Cop.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Given the serious due process implications of such restrictions, this extreme remedy should rarely be used. *De Long*, 912 F.2d at 1147-48.

Prior to imposing a pre-filing restriction, the district court must analyze and apply four factors established by the Ninth Circuit to balance a litigant's right of access to the courts against the need to preserve limited judicial resources. *DeLong*, 912 F.2d at 1147. First, the litigant must be given notice and an opportunity to be heard. *DeLong*, 912 F.2d at 1147. Second, the court must create an "adequate record for review." *DeLong*, 912 F.2d at 1148. Third, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *DeLong*, 912 F.2d at 1148. Finally, the court's vexatious litigant order and pre-filing restrictions must be "narrowly tailored to closely fit the specific vice encountered" while not infringing on the litigant's right of access to the courts. *DeLong,* 912 F.2d at 1148. District courts have discretion in weighing these factors and in tailoring a vexatious litigant pre-filing order. *Molski* 500 F.3d at 1056.

    1.    <u>Notice and Opportunity to Oppose</u>

To protect a litigant's due process rights, a litigant must be afforded notice of the court's intent to issue pre-filing restrictions and be provided an opportunity to be heard on why such restrictions should not be issued. *DeLong*, 912 F.2d at

1147. An opportunity to be heard is satisfied by providing a litigant an opportunity to fully brief the issue and does not necessarily require oral argument or an evidentiary hearing. *Molski*, 500 F.3d at 1058 (citing *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

Pursuant to 28 U.S.C. § 636, Kelly will have the opportunity to file objections to the imposition of pre-filing restrictions within 14 days of being served with a copy of this Findings and Recommendation. Kelly will thus have notice and a meaningful opportunity to be heard before a vexatious litigant order imposing prefiling restrictions is entered. See e.g. *Feichtner v. Young*, 2013 WL 830653, at *3 (D. Mont. Feb. 6, 2013).

2. Record for Review

To support an order enjoining a litigant, the district court must compile an adequate record for review on appeal. The court must include all cases and motions that led it to conclude a vexatious litigant order is necessary, but does not need to provide an exhaustive of every case the litigant has filed. *Ringgold-Lockhart*, 761 F.3d at 1063.

As stated above, Kelly has filed 27 lawsuits in this district since 2008, including 22 cases since August 2019. In each of his lawsuits, Kelly sought and obtained leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2). With

the exception of the pending action, all 27 of Kelly's lawsuits have been dismissed and closed for the reasons identified below:

> *Kelly v. Rosebud County Sheriff's Dept.*, 1:22-cv-83-SPW-TJC
> Kelly alleged violations of his constitutional rights based on conduct that allegedly occurred following his arrest on a Musselshell County warrant. Kelly failed to provide an updated physical address as required under Local Rule 5.3(a)(2), and the Court dismissed the case pursuant to Fed. R. Civ. P. 41 for failure to prosecute and comply with the Court's orders.
>
> *Kelly v. Merrell Footwear Inc. et al.,* 1:23-CV-00020-SPW
> Kelly brought products liability and false advertising claims against Merrell Footwear and a retail store, alleging he slipped and fell on ice while wearing hiking shoes that defendants falsely advertised as "ice secured shoes." The Court dismissed the case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with the Court's orders.
>
> *Kelly v. M.S.U. Police Dept.*, 2:19-cv-41-BMM-KLD
> Kelly brought suit for violations of his constitutional rights alleging he "suffered excessive and unbearable pain" when a police officer ran a warrant check prior to loading him into a waiting ambulance. Kelly voluntarily dismissed the case, and the Court denied his subsequent motion to reopen the case.
>
> *Kelly v. Church of Jesus Christ of Latter-Day Saints et al.*, 2:20-cv-56-BMM
> Kelly brought suit under 42 U.S.C. § 1983 alleging the Church of Jesus Christ of Latter-Day Saints violated his First Amendment rights by refusing to terminate his church membership and provide a copy of his church records. The Court dismissed the Complaint pursuant to Fed. R. Civ. P. 41 for failure to prosecute.
>
> *Kelly v. Community Protestant Church et al*, 2:22-cv-20-BMM
> Kelly brought defamation and libel claims against the Church of Jesus Christ of Latter-Day Saints and several other defendants. Kelly asserted that two defendants falsely and knowingly posted defamatory statements about Kelly on Facebook and via email to his employer, after he reported a bear sighting in West Yellowstone, Montana. Statements made by defense counsel Franz in court filings, including that Kelly is a "serial litigant" with a history of

vexatious litigation, form the defamation claims Kelly asserts here. Kelly moved to voluntarily dismiss the case, and the Court granted the motion over the defendant's opposition.

*Kelly v. National Park Service et al*, 2:22-cv-56-BMM-JTJ
Kelly alleged constitutional rights violations against the National Park Service, Yellowstone National Park, and two unknown park rangers, after he was detained by the rangers and prohibited from camping in the park. The Court dismissed the case based on Kelly's failure to provide an updated physical address as required under Local Rule 5.3(a)(2).

*Kelly v. United States Postal Service et al*, 2:22-cv-73-BMM
Kelly alleged that the United States Postal Service failed to timely deliver his medication, thereby violating his Fourteenth Amendment rights and causing him severe medical damages. The Court dismissed the complaint for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Albertsons Inc. et al*, 2:22-cv-00075-BMM
Kelly alleged "pharmaceutical misconduct," "unlawful interference with identity of a pharmacist," failure to provide competent oversight, severe interference in obtaining medications, defamation, and libel against Albertsons Inc., the pharmacy manager at the store's Bozeman location, and a pharmacy technician, based on the alleged failure to timely fill Kelly's prescriptions. The Court dismissed the case based on Kelly's failure to provide an updated physical address as required under Local Rule 5.3(a)(2).

*Kelly v. Herbst*, 6:12-cv-00027-DLC-RKS
Kelly alleged civil rights violations against the defendant police officer, asserting that he abused his authority as a police officer and interfered with Kelly' attempts to contact St. Peter's Hospital to file a grievance complaint. The Court dismissed the complaint for lack of standing and failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Valley Bank, Inc.*, 6:13-cv-57-DWM
Kelly brought suit against Valley Bank, Inc. for failing to honor checks written on a business checking account and credit line.

Because Kelly was facing state criminal charges regarding the checks at issue, the Court abstained from exercising jurisdiction and dismissed the complaint pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Kostelecky et al*, 6:15-cv-12-DLC
Kelly alleged "failure to comply with a federal requirement, abuse of authority, and improper jurisdiction enforcement" against Broadwater County Deputy Sheriff Jason Kostelecky and the Broadwater County Sheriff's Department for failing to investigate a mail theft complaint raised by Kelly. The Court dismissed the complaint for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Burlington N. Santa Fe, Inc. et al.*, 6:15-cv-64-DLC-JTJ
Kelly alleged "federally mandated noise pollution, interference into the public peace, and a patterned public nuisance" against the defendant railroad companies for noise resulting from their Helena, Montana, operations. The Court granted the defendants' Rule 12(b) motions to dismiss for lack of personal jurisdiction, federal preemption, and failure to state a claim for relief.

*Kelly v. Montana Dept. of Transportation et al*, 6:19-cv-67-BMM
Kelly alleged constitutional rights violations based on the alleged removal of a cross Kelly placed on Montana Highway 12. The Court dismissed the complaint for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Borske*, 6:20-cv-11-DLC
Kelly alleged constitutional rights violations against Lewis and Clark County Deputy Sheriff John Borske for interfering with Kelly's self-help actions to re-claim a camping trailer. The Court dismissed the complaint for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e), and the United States Court of Appeals for the Ninth Circuit denied Kelly's appeal as frivolous.

*Kelly v. Plute et al*, 6:20-cv-15-DLC
Kelly filed suit seeking declaratory and injunctive relief regarding his earnest money obligations under a buy-sell agreement he executed in connection with the purchase of a home. The Court dismissed the

complaint for lack of subject matter jurisdiction pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. LaFleur*, 6:20-cv-69-SEH
Kelly alleged "racketeering and corruption," "fraud with intent," "fraudulent withholding of service information address," "civil (RICO)," and conspiracy claims arising from a contract for sale of and title to a motor vehicle. The Court dismissed the complaint for lack of subject matter jurisdiction pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Pullman et al*, 6:20-cv-79-CCL
Kelly alleged constitutional rights violations based on Lewis and Clark County Deputy Sheriff Clint Pullman's alleged refusal to pursue a criminal fraud complaint written by Kelly. The Court dismissed the complaint for failure to state a claim for relief pursuant to its screening authority under 28 U.S.C. § 1915(e), and Kelly appealed. The United States Court of Appeals for the Ninth Circuit dismissed Kelly's appeal for failure to prosecute based on his failure to respond a court order.

*Kelly v. Cornish et al*, 6:21-cv-30-SEH
Kelly brought suit against City of Helena police officer Steven Cornish, alleging unlawful interference with United States mail. The Court concluded on screening the complaint under 28 U.S.C. § 1915(e) that Kelly failed to state a claim for relief, and later dismissed the case based on Kelly's failure to file an amended complaint as ordered by the Court.

*Kelly v. Direct Express Inc.*, 6:21-cv-34-SEH
Kelly alleged racketeering and corruption claims against the defendant financial corporation for "unlawfully concealing and holding" Kelly's federal stimulus payment, and for loading the stimulus payment onto a prepaid debit card rather than distributing it via a paper check. The Court concluded on screening the complaint under 28 U.S.C. § 1915(e) that Kelly failed to state a claim for relief, and later dismissed the case based on Kelly's failure to file an amended complaint as ordered by the Court.

*Mather et al v. McLean and Associates et al*, 6:21-cv-43-BMM
Kelly and his co-plaintiff alleged claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) against St. Peter's

Hospital in Helena, Montana, a law firm representing the hospital, hospital officials, and hospital physicians for, among other things, corrupt obstruction of patient information and diluting medication. Kelly alleged the defendants "'knowingly and willingly' with clear intent, in a most corrupt avenue in which to right out cause and bring upon 'death' to the majority of ER patients." The Court concluded on screening the complaint under 28 U.S.C. § 1915(e) that Kelly failed to state a claim for relief, and later dismissed the case under Fed. R. Civ. P. 41 for failure to prosecute based on Kelly's failure to file an amended complaint as ordered by the Court.

*Kelly v. Anderson et al*, 6:21-cv-50-BMM
Kelly alleged unlawful disclosure of confidential information, unlawful interference in a pending judicial matter, unlicensed practice of law, slander, defamation, and constitutional claims against defendants in connection with their operation of a religiously affiliated social justice outreach program. Specifically, Kelly asserted that defendants unlawfully disclosed and refused to carry out a restraining order held by Kelly against a third-party, slandered Kelly, and interfered with his religious freedom. The Court concluded on screening the complaint under 28 U.S.C. § 1915(e) that Kelly failed to state a claim for relief, and later dismissed the case under Fed. R. Civ. P. 41 for failure to prosecute based on Kelly's failure to file an amended complaint as ordered by the Court.

*Kelly v. Smith*, 6:21-cv-67-BMM
Kelly filed a defamation suit against a former roommate, alleging the defendant filed a "false and frivolous police report" against him. The Court concluded on screening the complaint under 28 U.S.C. § 1915(e) that Kelly failed to state a claim for relief, and the United States Court of Appeals for the Ninth Circuit dismissed Kelly's subsequent appeal as frivolous.

*Kelly v. City of Helena Police Dept. et al*, 6:22-cv-76-BMM-KLD
Kelly alleged constitutional rights violations against the Helena Police Department, the Police Chief, and an officer, for prohibiting him from camping within city limits. The Court dismissed the complaint based on Kelly's failure to provide an updated physical address as required by Local Rule 5.3(a)(2).

*Kelly v. Hunt*, 9:08-cv-94-DWM
Kelly brought suit against his former employer, alleging she violated federal law by not permitting him to retrieve his service cat from her property. The Court dismissed the complaint for lack for subject matter jurisdiction pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. U.P.S. Store et al.*, 9:20-cv-182-DLC
Kelly brought suit against the U.P.S. Store and an employee alleging age and gender discrimination for placing other customers in line before him, and alleging mail mishandling for failing to place proper postage on his envelop. The Court dismissed the complaint for failure to state a claim pursuant to its screening authority under 28 U.S.C. § 1915(e).

*Kelly v. Imagineif Library Entity*, 9:21-cv-06-DLC
Kelly brought suit against a public library, alleging its COVID-19 mask requirement showed "deliberate indifference to an immediate medical need" and was a "severe violation" of his constitutional rights. The Court concluded that Kelly's complaint did not plausibly allege "any [violation of] specific viable constitutional rights or federal statutes," and dismissed the case for failure to state a claim pursuant to its screening authority under 28 U.S.C. § 1915(e).

    3.    <u>Substantive Findings of Frivolousness or Harassment</u>

Prior to issuing a vexatious litigant order and pre-filing injunction, the Court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Ringgold-Lockhart*, 761 F.3d at 1063 (quoting *De Long*, 912 F.2d at 1148). Litigiousness alone is insufficient to make such findings, therefore the Court must consider both the number of filings and the content of those filings. *Molski*, 500 F.3d at 1059. Numerous filings are frivolous when the legal claims for relief are "patently without merit," and vexatious when the alleged injuries are

14

"false or exaggerated." *Molski*, 500 F.3d at 1059. Even where a claim is not entirely without merit, specific allegations within a claim "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Id.*, 500 F.3d at 1061. Finally, the court may find that a litigant's conduct is harassing, if such conduct "constitutes an intent to harass the defendant or the court." *De Long*, 912 F.2d at 1148 n.3.

As described in detail above, Kelly has long history of filing frivolous and harassing lawsuits and of pursuing vexatious litigation against a wide variety of institutional and individual defendants throughout the District of Montana. Of the 26 cases listed above, 13 were dismissed for failure to state a claim for relief or lack of subject matter jurisdiction on screening by the Court under § 1915; ten were dismissed for failure to prosecute, failure to comply with court orders, and/or failure to provide an updated physical address; two were voluntarily dismissed by Kelly; and one was dismissed on Rule 12(b) motions by the defendants. Notably, two of the three cases Kelly appealed to the Ninth Circuit were dismissed as frivolous, and one was dismissed for failure to comply the appellate court's orders.

Kelly's complaints typically include vague and inflammatory allegations of unspecified constitutional violations and defamation, and exaggerated personal injury claims with no basis in fact or law. For example, as he does in the Complaint at issue here, Kelly has filed at least four other lawsuits alleging

meritless defamation claims against various defendants. In at least two of those complaints, Kelly alleged the defendants defamed him by writing he had "a severe infectious, contagious, and loathsome disease" but did not support his conclusory assertions with any plausible factual allegations. See *Kelly v. Albertsons Inc. et al.*, 2:22-cv-00075-BMM; *Kelly v. Community Protestant Church et al*, 2:22-cv-00020-BMM. In the majority of the cases Kelly has filed, his allegations are difficult to understand and lack an arguable basis in law or fact.

    Kelly's litigation history also evidences a persistent failure to with comply the Court's orders and the local rules for the District of Montana. While the Court acknowledges that Kelly experiences homelessness and the associated difficulties in obtaining a permanent mailing address, this does not relieve him of obligation to comply with orders of the Court and to provide updated contact information, both of which are necessary to efficiently adjudicate Kelly's claims. Failure to comply with the Court's orders and the Local Rules impedes the litigation process and wastes judicial resources.

    The Court finds that Kelly has a long history of frivolous litigation conduct asserting a range of meritless claims against a variety of institutional and individual defendants. The Court therefore concludes that a pre-filing injunctive order declaring Kelly a vexatious litigant is warranted.

### 4. Narrowly Tailored Pre-Filing Injunctive Order

To protect a litigant's right of access to the courts, a vexatious litigant order must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. The order must not deny a litigant's access to the courts and must only prevent the specific frivolous and vexatious conduct giving rise to the pre-filing injunction. *Molski*, 500 F.3d at 1061. Further, the pre-filing order must mut not "leave litigants uncertain as to what they may or may not do without running afoul of the court's order." *Ringgold-Lockhart*, 761 F.3d at 1067 (quoting *Wood v. Santa Barbara Chamber of Com. Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983)). "A pre-filing order may sufficiently narrow if it merely subjects a litigants proposed future filings to an initial screening by a judge to first obtain leave of court to allow the filing." *Feichtner v. Young*, (D. Mont. 2013) (citing *Molski*, 500 F.3d at 1061).

Given the breadth and duration of Kelly's vexatious litigious conduct, an order requiring him to seek and obtain leave of Court prior to filing any new complaints is warranted. The Court will approve all complaints and associated filings, so long as Kelly adequately demonstrates that they have a basis in law and fact and complies with the federal and local rules. This pre-filing injunction is not meant to restrict Kelly's right of access to the courts and is narrowly tailored to address only the frivolous litigation conduct discussed here.

## IV.     Conclusion

For the reasons outlined above, the Court enters the following:

### ORDER

IT IS ORDERED that Kelly's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on October 17, 2022.

IT IS FURTHER ORDERED that the Clerk of Court serve Defendants Boone Karlberg P.C. and Zach Franz with a copy of this Order and Findings & Recommendation for notice purposes only.

### RECOMMENDATION

IT IS RECOMMENDED that:

1.      Kelly's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.      The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

3 .     Kelly be declared a vexatious litigant, and the Court enter a pre-filing order limiting Kelly's litigation activities in this Court as follows:

  a. Kelly should be barred from filing any action with vague or conclusory allegations that are unsupported in fact or law, including particularly actions asserting unspecified constitutional violations without plausible supporting factual allegations, and actions asserting unsubstantiated defamation claims.

  b. The Court should inform the Clerk of Court that if Kelly attempts to file any further lawsuits with this Court, the Clerk should lodge Kelly's pleadings in a miscellaneous civil case entitled *In re Stephen P. Kelly* until the Court determines whether the actions should be allowed to proceed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Kelly may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a *de novo* determination by the district judge and/or waive the right to appeal.

<u>Kelly must immediately advise the Court of any change in his mailing</u>

//

//

//

<u>address</u>. Failure to do so may result in dismissal of this action without notice to him.

DATED this 24th day of July, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge