IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>        Plaintiff,<br><br>vs.<br><br>BOONE KARLBERG P.C., a Montana professional corporation, and ZACH FRANZ, in his official capacity,<br><br>        Defendants. | CV 22–174–M–DLC<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendations in this case on July 24, 2023, recommending that the Court dismiss Plaintiff Stephen P. Kelly's Complaint (Doc. 2) with prejudice for failure to state a claim on which relief may be granted, declare Kelly a vexatious litigant, and limit Kelly's ability to file in this Court. (Doc. 4 at 18–19.) Finding no clear error in Judge DeSoto's Findings and Recommendations, the Court adopts them in full.

Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

-1-

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff filed a complaint alleging that Defendant Zach Franz, an attorney with Boone Karlberg P.C., made defamatory statements against him while representing two of the defendants in one of Kelly's other lawsuits, *Kelly v. Community Protestant Church et al.*, CV-22-20-BU-BMM.  (*See* Doc. 2.)  Kelly claims Franz filed a "judicial pleading in a slanderous written publication" with intent to cause "negligence" to Kelly's judicial claims.  (*Id.* ¶¶ 11, 26.) Specifically, Kelly alleges that Franz defamed him by falsely stating in court filings that Kelly had filed six federal lawsuits in Florida and New York.[1]  (*Id.* ¶ 20.)  Kelly alleges that this false statement harmed him by causing the presiding judge in that matter to be prejudiced against him due to the impression that Kelly is a vexatious litigant.  (*Id.* ¶ 23.)  Kelly further claims that he suffered emotional distress, hardship, and reputational damage as a result of Franz's allegedly defamatory statement.  (*Id.* ¶ 25.)  Kelly seeks actual and punitive damages totaling $700,000.  (*Id.* at 17.)

Judge DeSoto liberally construed Kelly's filing as a state law claim for

---

[1] Actually, Franz stated that Kelly had filed thirty separate lawsuits in federal district courts around the country since January 2020.  *Kelly*, CV 22-20-BU-BMM, (Doc. 23-1.)  Kelly apparently does not dispute that he filed twenty-four of those cases, but claims Franz defamed him because six of the listed cases were filed by a different Stephen Kelly.  (Doc. 2 ¶ 23.)

-2-

libelous—i.e., written—defamation pursuant to Montana law.  (Doc. 4 at 5.)  However, Judge DeSoto concluded that Kelly's claim for relief may not be granted because, pursuant to Mont. Code Ann. § 27-1-804(2), "publications in legislative, judicial, or other official proceedings authorized by law are privileged and cannot form the basis for a defamation cause of action." (*Id.*)  Ultimately, Judge DeSoto could not identify any viable claim arising from Kelly's allegations and concluded that any amendment would be futile.  (*Id.* at 6.)  The Court finds no clear error in Judge DeSoto's recommendation to dismiss Kelly's Complaint with prejudice.

Judge DeSoto also recommended that Kelly be declared a vexatious litigant and be subject to a pre-filing restriction due to his "substantial history of filing frivolous or harassing suits." (*Id.*)  Kelly has filed a total of twenty-seven lawsuits in this Court in the last fifteen years.  (*See* Doc. 4 at 9–14.)  Twenty-two of these lawsuits were filed between August 2019 and March 2023.  (*Id.*)  All but this pending action have been dismissed because they either did not survive screening under § 1915 or were dismissed (1) for failure to prosecute and/or comply with orders of the Court; (2) at Kelly's request; or (3) on Federal Rule of Civil Procedure 12(b) motions to dismiss for failure to state a claim or for lack of subject matter jurisdiction.  (*Id.*)  As discussed above, the pending action is subject to the same fate.

As Judge DeSoto accurately explained, the Constitutional right of access to

-3-

the courts is not absolute and does not permit abuse of the judicial system through repeat filing of frivolous, harassing, or malicious actions.  (*Id.* at 6 (citing *Christopher v. Harbury*, 536 U.S. 403, 415, 415 n.12 (2002); *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).)  The Court has the authority to curb abusive litigation conduct through pre-filing restrictions, pursuant to the All Writs Act at 28 U.S.C. § 1651(a).  *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

  Judge DeSoto properly applied the four factors established by the Ninth Circuit to balance Kelly's right of access to the courts against the need to preserve limited judicial resources.  (Doc. 4 at 7–17.)  These four factors are: (1) notice and opportunity to be heard; (2) an adequate record for review; (3) substantive findings of frivolousness or harassment; and (4) a narrowly tailored pre-filing injunctive order.  *De Long*, 912 F.2d at 1147–48.  The Court will review these factors in summary fashion.

  First, Kelly has been provided notice and an opportunity to be heard because the objection period provided for by 28 U.S.C. § 636 allowed Kelly fourteen days to object to the imposition of the pre-filing restrictions as recommended in Judge DeSoto's Findings and Recommendations.  As already discussed, Kelly did not object to Judge DeSoto's Findings and Recommendations.  Second, Judge DeSoto

compiled a record of all cases and motions that led this Court to conclude a vexatious litigant order is necessary. (Doc. 4 at 9–14.) Third, Judge DeSoto made "substantive findings as to the frivolous or harassing nature of [Kelly's] actions." *Ringgold-Lockhart*, 761 F.3d at 1063. Judge DeSoto explained:

> Kelly has [a] long history of filing frivolous and harassing lawsuits and of pursuing vexatious litigation against a wide variety of institutional and individual defendants throughout the District of Montana. Of the 26 cases listed above, 13 were dismissed for failure to state a claim for relief or lack of subject matter jurisdiction on screening by the Court under § 1915; ten were dismissed for failure to prosecute, failure to comply with court orders, and/or failure to provide an updated physical address; two were voluntarily dismissed by Kelly; and one was dismissed on Rule 12(b) motions by the defendants. Notably, two of the three cases Kelly appealed to the Ninth Circuit were dismissed as frivolous, and one was dismissed for failure to comply [with] the appellate court's orders.
>
> Kelly's complaints typically include vague and inflammatory allegations of unspecified constitutional violations and defamation, and exaggerated personal injury claims with no basis in fact or law. For example, as he does in the Complaint at issue here, Kelly has filed at least four other lawsuits alleging meritless defamation claims against various defendants. In at least two of those complaints, Kelly alleged the defendants defamed him by writing he had "a severe infectious, contagious, and loathsome disease" but did not support his conclusory assertions with any plausible factual allegations. *See Kelly v. Albertsons Inc. et al.*, 2:22-cv-00075-BMM; *Kelly v. Community Protestant Church et al.*, 2:22-cv-00020-BMM. In the majority of the cases Kelly has filed, his allegations are difficult to understand and lack an arguable basis in law or fact.
>
> Kelly's litigation history also evidences a persistent failure to . . . comply [with] the Court's orders and the local rules for the District of Montana. While the Court acknowledges that Kelly experiences homelessness and the associated difficulties in obtaining a

>permanent mailing address, this does not relieve him of [the] obligation to comply with orders of the Court and to provide updated contact information, both of which are necessary to efficiently adjudicate Kelly's claims. Failure to comply with the Court's orders and the Local Rules impedes the litigation process and wastes judicial resources.

(Doc. 4 at 15–16.) Finally, Judge DeSoto proposed a narrowly tailored pre-filing order designed to "closely fit the specific vice encountered," *De Long*, 912 F.2d at 1148, and provide adequate notice as to what Kelly "may or may not do without running afoul of the court's order," *Ringgold-Lockhart*, 761 F.3d at 1067. Judge DeSoto recommended the approach previously taken by this Court,[2] which is to subject Kelly's "proposed future filings to an initial screening by a judge to first obtain leave of court to allow the filing." (Doc. 4 at 17.)

Accordingly, having reviewed Judge DeSoto's Findings and Recommendations for clear error and finding none,

IT IS ORDERED:

1. Judge DeSoto's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL;

2. Plaintiff's Complaint (Doc. 2) is DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted;

---

[2] *See Fiechtner v. Young*, No. CV 13-10-M-DLC-JCL, 2013 WL 830653 (D. Mont. Feb. 6, 2013), *report and recommendation adopted,* No. CV 13-10-M-DLC, 2013 WL 830189 (D. Mont. Mar. 4, 2013).

3. The Clerk of Court shall enter judgment of dismissal by separate document;

4. The Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith;

5. Plaintiff Stephen P. Kelly is declared a vexatious litigant and his litigation activities in this Court are limited as follows:

   a. Kelly is barred from filing any action with vague or conclusory allegations that are unsupported in fact or law, including actions asserting unspecified constitutional violations without plausible supporting factual allegations and actions asserting unsubstantiated defamation claims.

   b. Should Kelly attempt to file any further lawsuits with this Court, the Clerk of Court is directed to lodge Kelly's pleadings in a miscellaneous civil case entitled *In re Stephen P. Kelly* until the Court determines whether the actions should be allowed to proceed.

DATED this 2nd day of November, 2023.

-7-

Dana L. Christensen, District Judge
United States District Court